**CIANBRO CORPORATION, Plaintiff**

v.

**GEORGE H. DEAN, INC., d/b/a Dean Steel, Defendant.**

**Civ. No. 08–128–P–H.**

United States District Court, D. Maine.

April 18, 2008.

John R. Bass, II, Thompson, Bull, Furey, Bass & MacColl, LLC, P.A., Portland, ME, for Plaintiff.

---

Mark E. Dunlap, Norman, Hanson & DeTroy, Portland, ME, Stephen P. Griffin, Griffin Law LLC, Newton, MA, for Defendant.

## MEMORANDUM OF DECISION ON MOTION TO APPROVE SUBSTITUTION OF BOND FOR RELEASE OF PROPERTY

MARGARET J. KRAVCHUK, United States Magistrate Judge.

Cianbro Corporation instituted this action to extinguish maritime liens recorded by George H. Dean, Inc., a manufacturer and provider of steel products, against two vessels that were in Cianbro's possession for repair at the time Cianbro commenced this action. Cianbro does not own the vessels in question, but warranted to the third-party owners that it would return the vessels free and clear of any liens, such as maritime liens for necessaries supplied in connection with the repair work. Now pending is a motion filed by Cianbro that asks the Court to approve substitution of a bond for security in place of the vessels. Defendant Dean objects to the motion and maintains as one of its grounds that Cianbro does not having standing to challenge its liens in this proceeding. I conclude that Cianbro has standing to post a bond with the Court to protect the vessels from any future arrest proceedings premised on the subject liens and I approve Cianbro's bond for this limited purpose. Whether Cianbro is the proper party to pursue a declaratory judgment action to extinguish the liens is a separate matter that need not be determined in the context of the instant motion. To the extent that Cianbro wants the bond to be "substituted" for the maritime lien, thereby "discharging" the lien, I can find no statutory authority or rule that authorizes me to do so. This court has jurisdiction to discharge the lien by means of a declaratory order that the vessel is not subject to the lien. 46 U.S.C. § 31343(c)(2). Until such time as that order issues or three years have expired from the date the lien was established, the maritime lien will not be extinguished. *Id.* § 31343(e).

### The Underlying Admiralty Claim

Cianbro invokes the Court's Admiralty jurisdiction, citing 28 U.S.C. § 1333, and section 31343 of the Federal Maritime Lien Act, 46 U.S.C. §§ 31301–31343. The Lien Act, among other things, provides a means by which a party claiming a maritime lien on a vessel can record the lien with the Secretary of Transportation. *Id.* § 31343(a). It also provides a means for a party to have a lien discharged, through a declaratory action:

> The district courts of the United States shall have jurisdiction over a civil action in Admiralty *to declare* that a vessel is *not subject to a lien* claimed under subsection (b) of this section, or that the vessel is *not subject to the notice of claim of lien, or both,* regardless of the amount in controversy or the citizenship of the parties. Venue in such an action shall be in the district where the vessel is found or where the claimant resides or where the notice of claim of lien is recorded.

46 U.S.C. § 31343(c)(2) (emphasis added). Cianbro invokes this provision to support its contention that it is appropriate for this Court to determine the controversy on Cianbro's complaint, even though neither the vessels nor their owners are party to this action. Section 31343(c)(2) is a jurisdictional provision and it would appear by its plain language to authorize the Court to exercise jurisdiction in Admiralty over the question of the validity of the liens, even though Dean has not commenced an *in rem* action against the vessels to enforce the liens pursuant to 46 U.S.C. § 31342(a)(2). Dean objects, nevertheless, arguing that Cianbro is not a proper party

plaintiff because Cianbro does not own the vessels in question.

According to a representation in Cianbro's motion, filed May 5, 2008, the owners intended to move one of the vessels in May 2008 and the other vessel in June 2008. (Mot. at 2, Doc. No. 6.) It is unclear from this representation whether Cianbro is still in possession of the vessels. If it is, then arguably it would have standing to pursue this matter based on its interest as bailee of the vessels. *Cf. United States v. $746,198 in United States Currency,* 299 F.Supp.2d 923, 931–932 (S.D.Iowa 2004) (collecting cases to the effect that a bailee of property has Article III standing to contest the forfeiture of property). But if Cianbro is no longer in possession of the vessels it is difficult to understand how it would have standing to carry on this action. Additionally, if the vessels are no longer in this jurisdiction, then additional obstacles may exist in relation to jurisdiction and/or venue. Finally, because the vessels have never been subjected to arrest, and Cianbro does not have any apparent authority to consent to an exercise of *in rem* jurisdiction over the vessels, and Dean has not commenced *in rem* proceedings against the vessels, it follows that only *in personam* jurisdiction is at issue at this time. *P.R. Ports Auth. v. BARGE KATY–B,* 427 F.3d 93, 105 (1st Cir.2005) ("Admiralty law conceives of a vessel as an entity distinct from its owner, so an *in rem* action to enforce a maritime lien is brought against the vessel itself rather than against the owner."); *Farwest Steel Corp. v. Barge Sea–Span 241,* 828 F.2d 522, 524 (9th Cir.1987) (indicating that vessel owner may consent to *in rem* jurisdiction over a vessel). For the sake of addressing the pending motion, I assume without deciding that Cianbro has standing to pursue a declaration under § 31343(c)(2) as to the validity of Dean's liens.

The question actually pending at this time concerns "substitution" of a bond proffered by Cianbro. Cianbro asks that the Court (1) "approve the bond ... as substitute security *in rem* for release of Notices of Claim of Maritime Lien" and (2) "order ... [that] any liens secured thereby are discharged against the vessel[s]." (Mot. at 1.) Cianbro relies on Rule E(5) of the Supplemental Rules for Admiralty or Maritime Claims in support of its motion. The way in which Cianbro postures its motion is somewhat puzzling at first blush, because the action instituted by Cianbro is not an *in rem* action (at least not presently) and because Cianbro focuses its motion on Supplemental Rule E(5)(a), which concerns "release" of a vessel. As of yet the vessels have not been arrested and have not been named parties to the action. Thus, there are no vessels in the Court's legal custody for which Cianbro's special bond could "substitute." The bond might serve to supply a *res* for the Court to take legal custody of, but it cannot substitute for a *res* (the vessels) over which the Court is not presently exercising jurisdiction. In actuality, Cianbro's motion is anchored in Supplemental Rule E(5)(b), as Cianbro is offering its bond in order to prevent any future arrest of vessels. Approval of this bond does not mean that this action necessarily becomes an *in rem* action. In the first place, Cianbro's complaint is not sufficient to commence an *in rem* proceeding because it is not verified. Fed.R.Civ.P., Adm. Supp. C(2)(a). Moreover, Dean has filed an answer and has not included a counterclaim directed at the vessels. Therefore, Cianbro's motion does not really implicate *in rem* jurisdiction at all.

Assuming it is appropriate for the Court to exercise *in personam* jurisdiction over Dean in regard to the maritime liens it filed, based on an action filed by Cianbro, rather than the vessels' owners, there is no reason why that dispute cannot proceed as a § 31343(c)(2) declaratory judgment ac-

tion in the absence of any formal *in rem* claim against the vessels.

## The Pending Motion

Cianbro has tendered a bond in this Court in an effort to discharge the liens that are the subject of the underlying action. However, as Cianbro observes in its reply memorandum, Supplemental Rule E(5)(b) permits a vessel owner to stay any prospective arrest within a given jurisdiction by filing a "general bond" with a court sufficient to answer actions that may be brought against a specified vessel subsequent to acceptance of the bond. (Reply Mem. at 4.) Upon acceptance of the bond, process of any subsequent arrest is "stayed so long as the amount secured by such bond ... is at least double the aggregate amount claimed by plaintiffs in all actions." Rule E(5)(b) recognizes that a "special bond" can stand in for a "general bond" with respect to a specific, identified claim when process *in rem* has issued. Fed.R.Civ.P., Adm. Supp. E(5)(b) ("If a special bond or stipulation is given in a particular case, the liability on the general bond or stipulation shall cease as to that case."). This motion must be regarded as a motion to set and approve the bond per Supplemental Rule E(5)(b), which contemplates "any actions that may be brought thereafter," rather than a motion to "substitute" a bond and "release" a vessel per Supplemental Rule E(5)(a).

Cianbro alleges that the total claims asserted by Dean amount to $249,910.52, and Dean admits this amount in its answer. (Compl. ¶ 12; Ans. ¶ 12.) There are no other plaintiffs with known claims at this juncture. I find, therefore, that the value of Dean's claim is $249,910.52. A bond can be set in the amount of $500,000, which is more than twice the value of the claim in question as required by Supplemental Rule E(5)(b). Cianbro has presented a bond exceeding this requirement because it provides for interest as well, tracking the dictates of Rule E(5)(a). Dean does not object to the adequacy of the bond. Dean objects only to the idea that it is proper to permit Cianbro to post such a bond or to pursue the underlying action. I conclude that there is nothing inherently improper in permitting Cianbro to file a bond to protect against the arrest of the vessels in question, despite the fact that Cianbro is not the owner of the vessels. After all, the surety of a bond is routinely a third party to the underlying dispute. Moreover, the mere approval of the bond provides assurance to Dean of payment on its claim (should it file a claim in this jurisdiction) and does not serve to compromise Dean's rights under § 31343(a). (Opposition Mem. at 4.) As provided under § 31343(a), Dean remains a lienholder and Dean may still bring an action *in rem* should it desire to do so. In the event that Dean should choose to do so, the vessels will remain free on bond and be protected from any associated arrest that is premised on the subject liens.

## Conclusion

For the reasons stated herein, the motion to substitute is converted to a motion to set and approve bond and in that form is granted. Bond is hereby set at $500,000. Cianbro Corporation's bond of $500,000 plus 6 per cent interest is approved. Any future process of arrest or attachment in this jurisdiction by defendant George H. Dean, Inc., against the vessels M/V BENNO C. SCHMIDT and M/V ENERGY SERVICE 9001 shall by stayed so long as the amount secured by the bond is at least double the aggregate amount claimed by George H. Dean, Inc. Only arrest proceedings commenced by George H. Dean, Inc., are subject to this order.

Whether it is appropriate for the Court to proceed with the underlying action in the context of Cianbro Corporation's effort

to clear title to vessels on behalf of the owners (while possibly no longer being in possession of the vessels) is a matter that should be addressed in the context of a motion targeted at that very question. At the very least, Cianbro should reassure the Court that it has standing to pursue the counts set forth in its complaint because the vessels remain in its possession.

### CERTIFICATE

Any objections to this order shall be filed in accordance with Fed.R.Civ.P. 72(a).